(Not for publication)                                                                         (Docket Entry No. 61)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| ARTHUR D'AMARIO, III, | : | |
| Petitioner, | : | Civil No. 04-2221 (RBK) |
| v. | : | **OPINION** |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

**KUGLER**, United States District Judge:

Presently before the Court is Petitioner Arthur D'Amario's motion, pursuant to Federal Rule of Civil Procedure 60(b)(6), for relief from the Court's December 7, 2005 order denying his motion to vacate, set aside or correct his sentence. For the reasons set forth below, Petitioner's motion will be denied.

**I. BACKGROUND**

On December 4, 2001, a jury convicted Petitioner Arthur D'Amario ("Petitioner") of threatening to assault and murder a federal judge in violation of 18 U.S.C. § 115(a)(1)(B). Petitioner had previously been convicted possession of a firearm by a convicted felon and sentenced by District Court Judge Joseph DeClerico to eighteen months in prison. While in prison for the firearms conviction, Petitioner mailed a letter to his attorney, Edward Roy, Esq., in which he wrote:

If they make me work one more day, and continue to fuck up my sentence

>computation, I will seek revenge on the day of my inevitable discharge against the conspirators.  As soon as I get off the bus in Providence next month or next year, I will kill the judges who directed the state police to frame me with those nursery rhymes.  I may charge after one and break his neck with my bare hands, or I might douse myself with gasoline and light the match next to a judge, or I may get a gun and shoot them all . . . .
>
>As I said, you must understand how sick I am of losing, and that I will not accept this latest conspiracy.  The co-conspirators are:
>
>1. R.I. judges
>
>2. Mass. Judges
>
>3. [District Court Judge] DiClerico
>
>4. The fat girl
>. . .
>
>So the way we left it is that nobody had better push me or I'll explode.  'Leave me the fuck alone!' I said, or I'll kill somebody.  I also said that I will not do this time and plan to beat the judges however I can even if it means hanging myself. . . .
>
>But they have to let me out eventually.  I've told them where we're at.  If they don't drop these terror tactics immediately, I'm dedicated to killing R.I. judges when I'm out.  I'll put the conspirators on the front page . . . .  I dare anybody to push me.  You can accept all they've done to me in this hoax case.  I won't.  If I'm in S.H.U. when this arrives, I expect you to call these [ ] and demand my release.  They have no authority over me anymore.  Arthur.

D'Amario v. United States, 403 F. Supp. 2d 361, 366-67 (D.N.J. 2005).  Petitioner also sent Judge DeClerico a photo of Lee Harvey Oswald.  Based on these actions, Petitioner was convicted of threatening to assault and murder Judge DeClerico.  He was subsequently sentenced to thirty months' imprisonment.  Petitioner timely filed an appeal, but later withdrew his appeal.

## II.  THE HABEAS PETITION

On May 10, 2004, Petitioner filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  In this motion, Petitioner made numerous arguments, including

that he received ineffective assistance of counsel because his lawyers failed to pursue discovery, failed to impeach Roy on cross-examination, and failed to put certain evidence in proper context. Petitioner also argued that the government failed to identify or produce various law enforcement reports and analyses. On December 7, 2005, the Honorable Joseph E. Irenas denied Petitioner's motion. See D'Amario, 403 F. Supp. 2d 361. Petitioner now seeks relief from Judge Irenas's decision, pursuant to Federal Rule of Civil Procedure 60(b)(6).

### III. STANDARD

As the Supreme Court has explained,

> Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence. Rule 60(b)(6) . . . permits reopening when the movant shows "any . . . reason justifying relief from the operation of the judgment" other than the more specific circumstances set out in Rules 60(b)(1)-(5).

Gonzalez v. Crosby, 545 U.S. 524, 528-29 (2005). "[R]elief under Rule 60(b) is available only under such circumstances that the overriding interest in the finality and repose of judgments may properly be overcome." Harris v. Martin, 834 F.2d 361, 364 (3d Cir. 1987) (internal quotation marks and citations omitted).

Special considerations apply when a Rule 60(b) motion seeks relief from a habeas judgment. "[W]hen the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition." Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004). A petitioner may bring a successive habeas petition only in limited circumstances:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
> (1) newly discovered evidence that, if proven and viewed in light of the evidence

      as a whole, would be sufficient to establish by clear and convincing evidence that
      no reasonable factfinder would have found the movant guilty of the offense; or
      (2) a new rule of constitutional law, made retroactive to cases on collateral review
      by the Supreme Court, that was previously unavailable.

28 U.S.C.A. § 2255(h) (West Supp. 2009).

A rule 60(b) motion will not be treated as a successive habeas petition "in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction." Pridgen, 380 F.3d at 727. In such cases, the District Court may consider the merits of the Rule 60(b) motion. Id.

## IV. DISCUSSION

In the motion now before the Court, Petitioner seeks relief, pursuant to Fed. R. Civ. P. 60(b)(6), from Judge Irenas's December 7, 2005 order. Petitioner argues that Judge Irenas "denied him fair procedure by not allowing him an opportunity to collect and present evidence in support of the claims" and failed to "provide notice that he was about to decide the case."[1] (Petitioner's Memorandum in Support of Rule 60(b) Motion at 1.) Petitioner further states that since December 8, 2005, he has acquired documentation on which his motion is based[2] and there has been a recent clarification of the law.

### A. U.S. Marshals Service Reports

Petitioner's first argument is that Judge Irenas improperly "shrugged off" his allegations that his attorney failed to pursue discovery and that the government "never identified or

---

[1] Petitioner cites no authority for the proposition that a judge must notify a petitioner that he is about to rule on his motion and does not elaborate on his claim that Judge Irenas failed to give him such notice. Thus, the Court finds it unnecessary to explore this claim any further.

[2] He admits that this evidence is not newly discovered evidence within the meaning of Federal Rule of Civil Procedure 60(b)(2) or 28 U.SC. § 2244(b).

4

produced" U.S. Marshals Service records.  Petitioner argues that "premature dismissal of these claims, absent fact-finding, was unfair."  In 2007, Petitioner obtained U.S. Marshals Service records through a Freedom of Information Act request.  However, Petitioner states that these records "are so heavily redacted as to be useless as is." (Petitioner's Brief at 2.)

Petitioner seems to argue that Judge Irenas should have ordered the government to produce certain documents and should have held an evidentiary hearing before ruling on Petitioner's habeas petition.  As Judge Irenas explained,

> A district court is given discretion in determining whether to hold an evidentiary hearing on a habeas petition under Section 2255.  See Gov't of the V.I. v. Forte, 865 F.2d 59, 62 (3d Cir. 1989).  In exercising that discretion, the court must first determine whether the petitioner's claims, if proven, would entitle him to relief, and then consider whether an evidentiary hearing is needed to determine the truth of the allegations.  See Zettlemoyer v. Fulcomer, 923 F.2d 284, 291 (3d Cir. 1991).  Accordingly, a district court may summarily dismiss a motion brought under Section 2255 without a hearing where the "motion, files, and records, 'show conclusively that the movant is not entitled to relief.'"  U.S. v. Nahodil, 36 F.3d 323, 326 (3d Cir. 1994) (quoting U.S. v. Day, 969 F.2d 39, 41-42 (3d Cir. 1992)); Forte, 865 F.2d at 62.

D'Amario, 403 F. Supp. 2d at 367.  With respect to discovery, the Supreme Court has explained that "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course."  Bracy v. Gramley, 520 U.S. 899, 904 (1997).  Rule 6(a) of the Rules Governing § 2255 cases provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law."

With respect to Petitioner's claim that his attorney did not pursue discovery, Judge Irenas noted that "[a] convicted defendant seeking to have his conviction or sentence vacated due to the incompetence of counsel must show that his counsel's performance was deficient and that he was

prejudiced by the deficiency." D'Amario, 403 F. Supp. 2d at 368 (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)).  Further, Judge Irenas noted that "[p]rejudice resulting from ineffective assistance of counsel cannot be based on mere speculation as to what witnesses might have said." D'Amario, 403 F. Supp. 2d at 372 (citing Duncan v. Morton, 256 F.3d 189, 201-02 (3d Cir. 2001); Lewis v. Mazurkiewicz, 915 F.2d 106, 113 (3d Cir. 1990)).  Judge Irenas explained that "the Court cannot conclude that Petitioner was prejudiced by counsel's failure to [pursue discovery] because he has failed to provide any supporting documentation, in the form of affidavits or otherwise, detailing what the documents or witnesses would have said." D'Amario, 403 F. Supp. 2d at 372.  This Court agrees with Judge Irenas's analysis and his conclusion that a hearing was not necessary to explore Petitioner's allegations that his attorney failed to pursue discovery.  See Mayberry v. Petsock, 821 F.2d 179, 185 (3d Cir. 1987) (noting that "bald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing").

With respect to Petitioner's claim that the government failed to produce evidence, Judge Irenas noted that Petitioner failed to raise this issue on direct appeal, and therefore that Petitioner could raise it in his habeas petition only if he could show cause and prejudice.  See D'Amario, 403 F. Supp. 2d at 374 (citing U.S. v. Frady, 456 U.S. 152, 167-68 (1982)).  Judge Irenas noted that Petitioner failed to "explain how [the documents at issue] were favorable to him or how they are material to the case" and failed to "provide any supporting documentation" for his claim that the government failed to produce evidence.  D'Amario, 403 F. Supp. 2d at 376.  Further, Judge Irenas stated that "[e]ven if the government should have produced the documents, Petitioner does not assert, and the Court cannot conclude that producing the documents would have refuted the

wealth of evidence presented against him by the prosecution and changed the outcome of the trial." Id. at 377.  Therefore, Judge Irenas concluded that Petitioner could show neither cause nor prejudice.  Again, this Court agrees with Judge Irenas's analysis and his conclusion that neither an evidentiary hearing nor further discovery was necessary.  See Mayberry, 821 F.2d at 185 (noting that "bald assertions and conclusory allegations" do not provide a basis for evidentiary hearing or for "imposing upon the state the burden of responding in discovery to every habeas petitioner who chooses to seek such discovery").

In sum, Petitioner's argument that Judge Irenas improperly dismissed his claims that his attorney failed to pursue discovery and that the government failed to produce evidence is without merit.  Given petitioner's vague allegations and lack of evidentiary support for his allegations, there was no need for an evidentiary hearing or discovery.

### B.  Lee Harvey Oswald Photograph

Petitioner's next argument relates to a picture of Lee Harvey Oswald that he sent to Judge DeClerico.  This picture was introduced at Petitioner's trial, and Petitioner argues that his attorney did not attempt to put the picture in context.  In 2007, Petitioner located the book from which the photograph was taken.  He now argues that the book provides evidence of his state of mind when he sent the photograph to Judge DeClerico.

This argument is an attack on Petitioner's underlying conviction.  It is not an attack on "the manner in which the earlier habeas judgment was procured."  See Pridgen, 380 F.3d at 727.  This type of argument is appropriate in a habeas proceeding, not in the context of a Rule 60(b) motion.  Because Petitioner has not obtained the certification required to file a successive habeas petition, the Court must reject his argument based on the photograph.

### C. Clarification of the Law

Petitioner claims that in April of 2008, he discovered a recent Rhode Island Supreme Court case that supports his position that his attorney did not effectively cross-examine Ed Roy during his trial. See State v. Tiernan, 941 A.2d 129 (R.I. 2008) (finding that "because the trial justice afforded counsel virtually no latitude to explore by cross-examination the complaining witness's potential bias in view of his intended civil suit, the scope of cross-examination that was afforded defendant did not constitute sufficient cross-examination under the Sixth Amendment"). The proper context in which to raise this argument is a habeas petition, not a Rule 60(b) motion. See Gonzales, 545 U.S. at 531 (finding that Rule 60(b) motion based on "subsequent change in substantive law" should be treated as successive habeas petition). Because Petitioner has not obtained the certification necessary to file a successive habeas petition, the Court must reject his argument based on a change in the law.

### V. CONCLUSION

For the foregoing reasons, Petitioner's motion for relief from the Court's December 7, 2005 order is denied. An accompanying order shall issue today.


Dated: 7-21-09                                     /s/ Robert B. Kugler
                                                   ROBERT B. KUGLER
                                                   United States District Judge