NOT FOR PUBLICATION                                     (Doc. Nos. 85, 86)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                    :
ARTHUR D'AMARIO, III,               :
                                    :
            Petitioner,             :    Civil No. 04-2221 (RBK)
                                    :
       v.                           :    **OPINION**
                                    :
UNITED STATES OF AMERICA,           :
                                    :
            Respondent.             :
_____ :

**KUGLER**, United States District Judge:

Presently before the Court is Petitioner Arthur D'Amario III's motion, pursuant to Federal Rule of Civil Procedure 60(b)(6), for relief from the Court's December 7, 2005, Order (the "2005 Order"), denying his habeas petition under 28 U.S.C. § 2255.  Also before the Court is Petitioner's motion for an expedited hearing on his pending Rule 60(b)(6) motion.  For the reasons set forth below, Petitioner's Rule 60(b)(6) motion will be **DENIED** and his motion for an expedited hearing will be **DISMISSED AS MOOT**.

I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This is the second time that Petitioner has moved for relief from the 2005 Order under Rule 60(b).  Accordingly, the Court will set forth the factual background and procedural history discussed in its earlier opinion denying Petitioner's first motion.

On December 4, 2001, Petitioner was convicted of threatening to assault and murder a federal judge in violation of 18 U.S.C. § 115(a)(1)(B).  Petitioner also had a previous conviction for possession of a firearm by a convicted felon for which he was sentenced to eighteen months

1

in prison by United States District Court Judge Joseph DiClerico. While serving this prison sentence, Petitioner sent a letter to his attorney, Edward Roy, Esq., in which he wrote:

> If they make me work one more day, and continue to fuck up my sentence computation, I will seek revenge on the day of my inevitable discharge against the conspirators. As soon as I get off the bus in Providence next month or next year, I will kill the judges who directed the state police to frame me with those nursery rhymes. I may charge after one and break his neck with my bare hands, or I might douse myself with gasoline and light the match next to a judge, or I may get a gun and shoot them all . . . .
>
> As I said, you must understand how sick I am of losing, and that I will not accept this latest conspiracy. The co-conspirators are:
>
> 1. R.I. judges
>
> Mass. Judges
>
> [Judge] DiClerico
>
> the fat girl
> . . .
> So the way we left it is that nobody had better push me or I'll explode. 'Leave me the fuck alone!' I said, or I'll kill somebody. I also said that I will not do this time and plan to beat the judges however I can even if it means hanging myself. . . .
>
> But they have to let me out eventually. I've told them where we're at. If they don't drop these terror tactics immediately, I'm dedicated to killing R.I. judges when I'm out. I'll put the conspirators on the front page. . . . I dare anybody to push me. You can accept all they've done to me in this hoax case. I won't. If I'm in S.H.U. when this arrives, I expect you to call these [ ] and demand my release. They have no authority over me anymore. Arthur.

D'Amario v. United States, No. 04-2221, 2009 WL 2169238, at *1 (D.N.J. July 21, 2009) (citing D'Amario v. United States, 403 F. Supp. 2d 361, 366-67 (D.N.J. 2005)).  Petitioner also sent Judge DiClerico a photo of Lee Harvey Oswald.  Id.  For these reasons, Petitioner was subsequently convicted of threatening to assault and murder Judge DiClerico.  Id.  For this crime, he was sentenced to thirty months in prison.  Id.  Petitioner filed a timely appeal, but later withdrew that appeal.  Id.

2

On May 10, 2004, Petitioner filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 1.) Within that habeas petition, Petitioner asserted, <u>inter alia</u>, that he received ineffective assistance of counsel, and that the government failed to identify or produce various law enforcement reports and analyses. <u>Id.</u> On December 7, 2005, United States District Court Judge Joseph E. Irenas denied Petitioner's motion. <u>See</u> <u>D'Amario</u>, 403 F. Supp. 2d 361.

On April 14, 2008, Petitioner filed a Rule 60(b)(6) motion for relief from the 2005 Order, (the "2008 60(b)(6) Motion"). (Doc. No. 61.) In the 2008 60(b)(6) Motion, Petitioner made accusations of ineffective assistance of counsel and asserted that he had new information that would justify relief from judgment, which included reports he obtained under the Freedom of Information Act. <u>See</u> <u>D'Amario</u>, 2009 WL 2169238, *1. This Court denied the 2008 60(b)(6) Motion on July 21, 2009, holding that the motion served as a successive habeas petition, and lacked the proper appellate certification. <u>Id.</u> at *5.

On January 25, 2013, Petitioner filed a motion for a new trial pursuant to Rule 60(b)(6). (Doc. No. 85.) On April 30, 2013, Petitioner filed a motion for an expedited hearing on his Rule 60(b)(6) motion. (Doc. No. 86.)

## II. STANDARD OF REVIEW

As the Supreme Court has explained,

> Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence. Rule 60(b)(6) . . . permits reopening when the movant shows "any . . . reason justifying relief from the operation of the judgment" other than the more specific circumstances set out in Rules 60(b)(1)-(5).

<u>Gonzalez v. Crosby</u>, 545 U.S. 524, 528-29 (2005). "[R]elief under Rule 60(b) is available only under such circumstances that the overriding interest in the finality and repose of judgments may

properly be overcome." Harris v. Martin, 834 F.2d 361, 364 (3d Cir. 1987) (internal quotation marks and citations omitted).

Special considerations apply when a Rule 60(b) motion seeks relief from a habeas judgment. Specifically, "when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition." Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004). A petitioner may bring a successive habeas petition only in limited circumstances:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). A Rule 60(b) motion will not be treated as a successive habeas petition "in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction." Pridgen, 380 F.3d at 727. In such cases, courts may consider the merits of the Rule 60(b) motion. Id.

### III. DISCUSSION

In the motion now before the Court, Petitioner seeks relief, for a second time, pursuant to Rule 60(b)(6). In support of his motion, Petitioner asserts that relief is appropriate in light of certain evidence that was known to Petitioner during his trial, but that he was unable to introduce due to his incarceration. Specifically, Petitioner relies on the Declaration of Jeffrey Link— another federal inmate—to establish that Petitioner's attorney, Ed Roy, "breached the duty of confidentiality owed to his client by divulging Petitioner's attorney-client communications to

FBI and RI State Police." (Doc. No. 85, Pet'r's Br. 2.) Essentially, it is Petitioner and Mr. Link's contention that Mr. Roy was an informant for the State Police and the FBI, and that he "sells out clients to the state police to advance his career." (Pet'r's Br. 2; Declaration of Jeffrey Link ¶ 5.) Petitioner claims that his "inept trial counsel were afraid to vigorously cross-examine Roy on 11/29/01, and did not investigate him." Further, Mr. Link avers that although Petitioner "has tried to obtain a sworn statement from [him] over the years, [he was unable to] because [they] were in separate federal facilities." (Link Decl. ¶ 4.) Petitioner claims that in light of this evidence, "the court must revisit its pretrial decision to not suppress Petitioner's attorney-client files, and/or grant a retrial where Roy can be discredited as a dual agent." (Pet'r's Br. 2.)

Here, unlike Petitioner's 2008 60(b)(6) Motion, Petitioner makes no reference whatsoever to the "manner in which the earlier habeas judgment was procured." Indeed, it appears that Petitioner offers the Declaration of Jeffrey Link for the sole purpose of attacking the validity of his underlying conviction.

Because Petitioner has not challenged the manner in which his earlier habeas judgment was procured, it is not for this Court, without appellate certification, to consider the merit of Mr. Link's Declaration or to grant the relief Petitioner seeks. Pridgen, 380 F.3d at 727. Consequently, the Court must deny Petitioner's motion for relief under Rule 60(b)(6).[1]

---

[1] Because the Court denies Petitioner's Rule 60(b)(6) motion, it will dismiss Petitioner's motion for an expedited hearing on that motion as moot.

Case 1:04-cv-02221-RBK   Document 88   Filed 02/24/14   Page 6 of 6 PageID: 414

## IV. CONCLUSION

For the foregoing reasons, Petitioner's motion is denied. An accompanying order shall issue today.

Dated: 2/24/2014                                                    s/ Robert B. Kugler
                                                                    ROBERT B. KUGLER
                                                                    United States District Judge